IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHASE LEE McCLANAHAN, # B-89851, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-340-SMY |
| ) | |
| KIMBERLY BUTLER, ) | |
| and UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was briefly confined at Menard Correctional Center ("Menard"). Plaintiff is serving a 39-year sentence for a sex offense. Plaintiff claims that several prison guards, whose identities he does not know, used excessive force against him soon after his arrival at Menard. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

## The Complaint

On April 22, 2015, Plaintiff was convicted of a felony in Perry County, Illinois. The following day, he was transferred from the county jail to Menard. When Plaintiff entered the guard shack at Menard, Defendant Officer #1 asked him what charge he was convicted of, and the age of the victim (Doc. 1, p. 5). When Plaintiff answered, Defendant #1 called him a "sick bastard." *Id*. Defendant #1 then instructed Plaintiff to follow him inside the guard shack, where he ordered Plaintiff to "drown himself" in a filthy toilet (Doc. 1, p. 6). Plaintiff dunked his head

in the toilet water while Defendant #1 laughed and mocked him.

A group of inmates entered the area, and Defendant #1 told them about Plaintiff's conviction. Defendant #1 then ordered Plaintiff to follow him outside, where Defendant Officer #2 came on the scene and was informed of the nature of Plaintiff's offense by Defendant #1.

Defendant #2 picked Plaintiff up off the ground, slammed him against a chain-link fence, and screamed obscenities at him. Defendant #2 patted Plaintiff down for contraband and purposely struck Plaintiff in the genitals (Doc. 1, p. 7). He then "man-handled" Plaintiff into a cell house in front of several other officers, including a Lieutenant. None of these officers did anything to stop Defendant #2's rough handling of Plaintiff. *Id.*

Defendant #2 informed the group of officers about Plaintiff's sex offense conviction. The Lieutenant (who shall be referred to herein as Defendant #3) then took Plaintiff into a small room, where a "large African American inmate" was waiting. Defendant #3 told the inmate about Plaintiff's conviction charge, then left the room and closed the door. The inmate severely beat Plaintiff, injuring his left eye, jaw, and ribcage. After he finished beating Plaintiff, the inmate opened the door and let Defendant #3 back into the room. Defendant #3 had Plaintiff follow him back outside the cell house, where a group of officers were laughing as if they knew Plaintiff had just received a beating.

Another officer (Kelly Dale or Dare) took Plaintiff to the clothing warehouse. On the way, she told him that he should hang himself with a sheet to do everybody a favor (Doc. 1, p. 8). She later took him to the health care unit, where a nurse noticed that Plaintiff had marks under his left eye and on his neck. The nurse called Internal Affairs ("IA"), and Plaintiff reported the attack to them. Plaintiff said he was feeling suicidal, which led to him being placed on a crisis watch.

Later in the afternoon, Plaintiff was interviewed by two IA officers. Another official asked Plaintiff if he would feel safer if he were moved North to Pontiac or Stateville, and Plaintiff agreed that he would. At around 4:00pm that day (the same day of the beating), Plaintiff was transferred away from Menard.

Plaintiff now seeks damages and a transfer to a medium-security prison or to protective custody in Pontiac Correctional Center (Doc. 1, p. 14).

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment cause of action against the Unknown Party Defendants #1, #2, and #3, for subjecting Plaintiff to excessive force. He may also have a claim against other officers, if they observed the incidents of excessive force, yet took no steps to protect Plaintiff from harm.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Defendant Officers #1 and #2 personally inflicted harm on Plaintiff, as well as

incited other officers to subject him to excessive force. Defendant #3 (the Lieutenant) placed Plaintiff into a situation with the other inmate where he clearly expected Plaintiff to be beaten. All of these actions, if proven, violate the Eighth Amendment's protection against cruel and unusual punishment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him"). Furthermore, an officer may be held liable where he or she witnesses an incident of excessive force against a prisoner, but fails to intervene to stop the unconstitutional conduct. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

Plaintiff's Eighth Amendment claims against these officers merit further review. However, he must identify the officers by name before they can be served with notice of this action. To that end, Defendant Butler (Menard Warden) shall remain as a party to this action in her official capacity, for the purpose of responding to Plaintiff's reasonable discovery requests aimed at identifying the officers who allegedly violated his rights. *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (plaintiff should be allowed to discover identities of parties who may have violated his rights).

Plaintiff shall note that Defendant Butler cannot be held liable for the actions of the Unknown Defendant Officers merely because she was their supervisor. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724,

740 (7th Cir. 2001).

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 13) is referred to the United States Magistrate Judge for further consideration.

The motion asking for update on Judge's decision for recruitment of counsel, and asking for current whereabouts of Defendant(s) (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**.  There has been no decision on the motion for recruitment of counsel (Doc. 13), and the motion shall be addressed by the Magistrate Judge.  As to the whereabouts of the Defendant, Plaintiff shall note that Defendant Butler, or her successor warden at Menard, if any, shall be served with notice as provided below.  The Court shall not order the "District Attorney of this Court" to locate Defendant Butler, as Plaintiff requests in Doc. 14.

## Disposition

The Clerk of Court shall prepare for Defendant **BUTLER** (in her official capacity as Warden of Menard):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's

last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 13).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

s/ STACI M. YANDLE
United States District Judge
